as a witness for the State. A deputy sheriff later testified as to what Miles had told him about the occurrence. The trial judge carefully instructed the jury that such evidence was admitted only for the purpose of corroborating the testimony of Miles if they found it did. The defendant assigns as error the failure of the trial judge to strike a portion of the deputy's testimony, contending that it did not corroborate the witness Miles. A study of the evidence discloses that any variance, if indeed there is a variance, is so slight as to be inconsequential. This assignment of error is overruled. *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869.

[2]  Although the case against this defendant was consolidated for trial with that of James L. Long, the trial judge very carefully submitted the question of the guilt or innocence of each defendant separately. *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230. The defendant Ray Lewis Long does not complain of any error in the instructions under which his case was submitted to the jury. In two instances, while instructing the jury as to James L. Long, the judge used the pronoun "they" instead of "he." This is the basis for the defendant's final assignment of error. A charge must be construed "as a whole in the same connected way in which it was given." When thus considered, if it "fairly and correctly presents the law, it will afford no grounds for reversing the judgment, even if an isolated expression should be found technically inaccurate." *State v. Tomblin,* 276 N.C. 273, 171 S.E. 2d 901. An examination of the entire charge makes it very clear that the jury could not have understood that if they found one defendant guilty, they should find both guilty, as contended by defendant. This assignment of error is overruled.

In the entire trial we find no error.

No error.

CAMPBELL and PARKER, JJ., concur.

_____

STATE OF NORTH CAROLINA v. JAMES SUMNER LEE

No. 7011SC104

(Filed 24 June 1970)

**Weapons and Firearms—   machine gun, submachine gun or like weapon**
   Weapon described in a warrant as "a Universal Caliber 30 M1 Carbine, Serial No. 135258, capable of firing thirty-one (31) shots, by successive

pulling of the trigger" is not a "machine gun, submachine gun or other like weapon" within the meaning of G.S. 14-409.

GRAHAM, J., dissents.

APPEAL by the State from *McKinnon, J.,* 27 October 1969 Session, LEE Superior Court.

Defendant was charged in a warrant with the unlawful possession of a machine gun or sub-machine gun or other like weapon, to wit: a Universal Caliber 30 M1 Carbine, Serial No. 135258, capable of firing thirty-one (31) shots, by the successive pulling of the trigger. G.S. 14-409. The offense was alleged to have occurred on or about 2 September 1969. Defendant was tried in District Court on 9 September 1969, and from a verdict of guilty appealed to the Superior Court for trial *de novo.*

When the case was called for trial in Superior Court on 28 October 1969, defendant moved to quash the warrant because: (1) the weapon described in the warrant was not such a weapon as was covered by the statute; and (2) as applied to defendant the statute (G.S. 14-409) was void for vagueness. The trial judge ruled that the weapon as described in the warrant was not a "machine gun, submachine gun or other like weapon" within the meaning of G.S. 14-409. Based upon this ruling the trial judge quashed the warrant, and the State appealed.

*Attorney General Morgan, by Staff Attorney Jacobs for the State.*

*No appearance for defendant.*

BROCK, J.

We have examined G.S. 14-409 and the warrant under which defendant was charged in this case, and we agree with the ruling of the trial judge.

Affirmed.

BRITT, J., concurs.

GRAHAM, J., dissents.